# United States Court of Appeals
## For the First Circuit

No. 19-1816

UNITED STATES,

Appellee,

v.

YARLIN GARCIA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Kayatta, Boudin, and Barron,
Circuit Judges.

William L. Welch, III on brief for appellant.
Halsey B. Frank, United States Attorney, and Noah Falk,
Assistant United States Attorney, on brief for appellee.

December 16, 2020

BOUDIN, Circuit Judge. The defendant, Yarlin Garcia, pled guilty to a drug offense, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), [Add. 16] but reserved his right to appeal the district court's denial of his motion to suppress the drug evidence as having resulted from a search unlawful under the Fourth Amendment.

The drug evidence was obtained from under the hood of a truck in which Garcia was the passenger. Law enforcement officers identified and searched the truck using information supplied by a cooperator they had seized before searching the truck. On appeal, Garcia makes two claims. First, he argues that the government lacked probable cause to seize him--officers removed Garcia from the truck and handcuffed him during the search of the vehicle-- and to search the truck. Second, he argues that the officers also lacked reasonable suspicion to support their activities. Our review of these legal claims is de novo. United States v. Dion, 859 F.3d 114, 122 (1st Cir. 2017).

Garcia says that the key source that led law enforcement to Garcia was unreliable. The government's source was a drug dealer whom officers apprehended while executing a search warrant on a house in Sanford, Maine, shortly before interacting with Garcia. The dealer ("Cooperating Defendant" or "CD") quickly agreed to cooperate with the officers.

Working with the officers, CD provided information that led to the search of Garcia and the truck. CD called his drug supplier, who told CD he would arrive at the house in ten minutes. Within ten minutes, CD received a call from the supplier telling CD that the supplier was outside the house and asking CD to move a red car parked in the driveway. Law enforcement officials saw a silver Dodge truck stop briefly outside the Nason Street house and then drive away. The truck returned a few minutes later and stopped directly in front of the house on the public street.

Although the officers suspected the truck was the supplier's truck, they were hesitant because CD had told them that the supplier had driven a dark colored SUV or Jeep in the past. CD then told law enforcement that the supplier had on occasion used a Dodge truck or silver truck to deliver drugs.

Ten officers, with their guns drawn, then surrounded the truck, removed Garcia and the driver from the vehicle, and placed them both in handcuffs. A single officer subsequently conducted a K-9 inspection of the vehicle and the K-9 alerted, indicating there were drugs inside the hood. Officers then searched the hood and found substantial quantities of a heroin/fentanyl mixture and cocaine.

The information CD supplied to law enforcement was consistently corroborated; he told officers that his source was roughly ten minutes away, and then roughly ten minutes later the

Dodge pulled in front of the house. The officers knew that CD was involved in drug trafficking because they found drugs in CD's Nason Street residence and consensually read his text messages with his supplier.

Probable cause only requires "a fair probability that contraband or evidence of a crime will be found." United States v. Simpkins, 978 F.3d 1, 7 (1st Cir. 2020) (quoting United States v. Almonte-Báez, 857 F.3d 27, 31-32 (1st Cir. 2017)). By the time they surrounded the truck, the officers had a tip from a reliable informant that individuals in the truck were about to complete a drug sale and that they had drugs in the truck. No more was needed to justify the seizure of Garcia and the driver and the subsequent K-9 inspection. See United States v. Vongkaysone, 434 F.3d 68, 73-75 (1st Cir. 2006).

Garcia finally argues that the officers lacked reasonable suspicion to seize him and search the truck, so the officers' actions cannot be upheld as a valid Terry stop. See Terry v. Ohio, 392 U.S. 1, 27 (1968). Reasonable suspicion is a "less demanding standard than probable cause." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). In fact, the officers had even more: probable cause to seize Garcia and conduct a brief investigatory search of the truck, so there can be no doubt they also had reasonable suspicion.

Affirmed.